IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JOSEPH M. BROWN**, | : | **CIVIL ACTION** |
| | : | |
| v. | : | **NO. 04-2075** |
| | : | |
| **RONALD E. KNEPP, Individually and** | : | |
| **CENTRE TOWNSHIP, PENNSYLVANIA** | : | |

**Diamond, J.**                                                                                                                     **June 6, 2005**

## MEMORANDUM

Plaintiff, Joseph M. Brown, alleges that Defendants Ronald Knepp and Centre Township wrongly suspended and terminated him as the Township's Chief of Police. Brown earlier brought a state court action in which the parties have raised many of the same issues raised here respecting the due process and statutory rights of public employees. Both sides agree that I should abstain pending resolution of the state case. Accordingly, I will abstain and stay further proceedings here. See Burford v. Sun Oil Co., 319 U.S. 315, 334 (1943); Railroad Comm'n of Texas v. Pullman Co., 312 U.S. 496 (1941); Feige v. Sechrest, 90 F.3d 846, 850 (3d Cir. 1996); Stretton v. Disciplinary Bd. of the Sup. Ct. of Pa., 944 F.2d 137 (3d Cir. 1991).

## BACKGROUND

Plaintiff worked part-time as Centre Township's Chief of Police from September 1999 through April 2004. (Compl. at ¶ 2). From 1991 to the present, the Borough of West Reading has also employed Plaintiff full-time as a patrol officer, detective, and criminal investigator. (April 14, 2004 Findings of Fact at ¶ 4). From September 2003 to the present Plaintiff has also worked as a part-time patrol officer for Heidelberg Township. (Def.'s Br. at 3).

In September 2003, Defendant Knepp, a member of the Township's Board of Supervisors

(whose responsibilities included police oversight), discovered alleged discrepancies between the hours Plaintiff reported on his time sheets and the hours that he actually worked. Brown v. Centre Township Board of Supervisors, No. 04-6447, mem. op. at 4 (February 15, 2005). Knepp believed that on twenty-six occasions Plaintiff reported working simultaneously for both Centre Township and West Reading Borough. Id. On November 10, 2003, Knepp issued Plaintiff a notice, warning Plaintiff that he faced potential disciplinary action, including termination, for the inaccuracies in his time sheets. Id.; see also Cleveland Bd. of Ed. v. Loudermill, 470 U.S. 532, 105 S. Ct. 1487, 84 L. Ed. 2d 494 (1985). After investigating further, Knepp suspended Plaintiff, and the Board of Supervisors recommended that Plaintiff be terminated. Id. at 5.

On November 17, 2003, Plaintiff requested a hearing, and on November 24, 2003, the Board appointed Charles Fitzpatrick, Esq. as its hearing officer to review its recommendation. Plaintiff did not object to the appointment of Fitzpatrick, and on December 29, 2003, Fitzpatrick heard arguments from counsel, testimony from West Reading Borough's interim Police Chief, Knepp, and Brown, and reviewed documentary evidence. Brown v. Centre Township Board of Supervisors, No. 04-6447, mem. op. at 5 (February 15, 2005).

On April 14, 2004, Fitzpatrick accepted the Board's recommendation, issuing Findings of Fact, Conclusions of Law, and a Decision. Fitzpatrick concluded that the Township proved that Plaintiff repeatedly submitted inaccurate time sheets and accepted payment for hours he did not work. (April 14, 2004 Findings of Fact at ¶¶ 47, 48). Fitzpatrick found that Plaintiff's actions constituted "conduct unbecoming of an officer," and decided that Plaintiff should be terminated. (April 14, 2004 Findings of Fact, Conclusions of Law and Decision at 12-13).

Plaintiff petitioned for review of Fitzpatrick's decision, arguing to the Berks County Common

Pleas Court that: (1) the Township violated the Police Tenure Act, 53 P.S. § 811, and violated Plaintiff's due process rights; (2) the Township did not produce substantial evidence to support its decision; (3) Fitzpatrick improperly shifted the burden of proof to Plaintiff; and (4) Fitzpatrick erroneously admitted certain evidence. Brown v. Centre Township Board of Supervisors, No. 04-6447, mem. op. at 6 (February 15, 2005). Defendants cross-appealed, arguing that the Police Tenure Act was not applicable. Id. at 2. On January 11, 2005, the court upheld Fitzpatrick's decision and denied Defendants' appeal as moot. (See January 11, 2005 Order). On February 15, 2005, the Common Pleas Court issued an opinion confirming its January 11, 2005 decision. Brown v. Centre Township Board of Supervisors, No. 04-6447, mem. op. (February 15, 2005). The court ruled that the there was sufficient evidence to terminate Plaintiff under the Police Tenure Act, and that the Township did not violate Plaintiff's due process rights or Local Agency Law.

Both sides appealed the Common Pleas Court's ruling to the Commonwealth Court. (N.T. May 11, 2005 at 8:23). Defendants have there argued that Plaintiff is not entitled to the protections of the Police Tenure Act, and that he is not a full-time police officer as defined by that Act. Plaintiff has raised the same issues he did before the Common Pleas Court, including his claim that the Township violated the Police Tenure Act and Plaintiff's due process rights. Oral argument has not yet been scheduled. (N.T. May 11, 2005 at 2:21-3:7; 8:23- 9:2).

On May 13, 2004, Plaintiff filed a Complaint in this Court alleging that Defendants falsely accused him of altering his time records because on August 21, 2003, Plaintiff had informed the Pennsylvania Department of Licensing and Inspections that Defendant Knepp had failed to obtain building permits for structural modifications to the Township Building. (February 23, 2005 Deposition of Joseph Brown at 179-180). In Counts 1 and 8 of his Complaint, Plaintiff alleges that

3

Defendants violated 42 U.S.C. § 1983 by depriving him of a property interest in his employment in violation of his Fourteenth Amendment due process rights. In Count 2, Plaintiff claims that the Township violated 42 U.S.C. § 1983 by depriving him of his liberty interest in his good name and reputation, also in violation of his due process rights. In Counts 3 and 6, Plaintiff alleges that Defendants violated Pennsylvania's Whistleblower law. See 43 P.S. § 1421 et seq. In Counts 4 and 7, Plaintiff claims that he was suspended and terminated from his position in violation of the Police Tenure Act and Local Agency Law. See 53 P.S. § 811; 2 Pa. C.S.A. § 105, et seq,

On April 4, 2005, Defendants moved for Summary Judgment, arguing that Plaintiff is estopped from litigating Counts 1, 4, 5, 7, and 8 because the Common Pleas Court has already rejected those claims. (Def.'s Mot. at ¶ 60). Defendants also argued that there is no evidence to support Counts 2, 3, and 6. (Def.'s Mot. at ¶¶ 71-90). In arguing against Summary Judgment, Plaintiff noted that the state courts have not finally resolved Plaintiff's case, which is currently on appeal. (Pl.'s Br. at 15).

Because federal jurisdiction is questionable, I ordered oral argument on whether I should abstain. (See April 26, 2005 Order). Both sides there agreed that abstention was appropriate, but disagreed as to whether this case should be dismissed or stayed. (N.T. May 11, 2005 at 6:4-7:12; 8:5-16; 9:14-19).

## LEGAL STANDARDS

The Supreme Court requires federal courts to examine their jurisdiction in every case. FW/PBS, Inc. v. City of Dallas, 493 U.S. 215, 231, 107 L. Ed. 2d 603, 110 S. Ct. 596 (1990) overruled on other grounds by City of Littleton v. Z.J. Gifts D-4, LLC, 124 S. Ct. 219, 159 L. Ed. 84 (2004); see also, Allen v. Wright, 468 U.S. 737, 750 (1984). Accordingly, a court may address

jurisdiction *sua sponte* at any stage of proceedings.  See FW/PBS, Inc., 493 U.S. at 230; Sun Buick v. Saab Cars U.S.A., 26 F.3d 1259, 1261 (3d Cir. 1994); Eastampton Center, LLC v. Township of Eastampton, 155 F. Supp. 2d 102, 112 (D.N.J. 2001).

Generally, a federal court may not abstain from the exercise of jurisdiction that has been properly conferred.  Gwynedd Properties, Inc. v. Lower Gwynedd Twp., 970 F.2d 1195, 1199 (3d Cir. 1992).  Abstention may be appropriate, however, when adjudicating a case would interfere with complex state administrative processes or interfere with important state interests.  See New Orleans Public Service, Inc. v. Council of the City of New Orleans, 491 U.S. 350, 365, 1090 S. Ct. 2506, 105 L. Ed. 2d 298 (1989).

In Burford v. Sun Oil Co., the Supreme Court concluded that where complex issues of state administrative law are presented, a federal court may in its discretion "stay its hand" and abstain from hearing the case.  Burford v. Sun Oil Co., 319 U.S. 315, 334 (1943).  Federal courts should invoke Burford abstention to avoid interfering with a state's efforts to "establish coherent policy with respect to a matter of substantial public concern."  Heritage Farms, Inc. v. Solebury Township, 671 F.2d 743, 746 (3d Cir. 1982), cert. denied 465 U.S. 990 (1982).

Abstention may also be appropriate "where there is an unsettled question of state law, the resolution of which would affect the decision of a federal constitutional issue, either by obviating the need to decide it or by changing the light in which it must be viewed."  Id. (citing Railroad Comm'n of Texas v. Pullman Co., 312 U.S. 496, 501, 61 S. Ct. 643, 645, 85 L. Ed. 971 (1941)).

**DISCUSSION**

It is apparent that abstention under both Burford and Pullman is appropriate here.  In explaining Burford abstention, the Third Circuit has stated:

5

> Where timely and adequate state-court review is available, a federal court sitting in equity must decline to interfere with the proceedings or orders of state administrative agencies: (1) when there are "difficult questions of state law bearing on policy problems of substantial public import whose importance transcends the result in the case at bar;" or (2) where the "exercise of federal review of the question in a case and in similar cases would be disruptive of state efforts to establish a coherent policy with respect to a matter of substantial public concern."

Riley v. Simmons, 45 F.3d 764, 771 (3d Cir. 1995) (quoting New Orleans Pub. Serv., Inc. v. Council of New Orleans, 491 U.S. 350, 109 S. Ct. 2506, 2514-15, 105 L. Ed. 2d 298 (1989)).

Here, the parties do not dispute that there are parallel federal and state proceedings. The issues raised by both Plaintiff and Defendants in the Commonwealth Court directly implicate the ability of municipalities, boroughs, and other governmental entities to discipline police officers and other public employees. Tenure in public employment is certainly a matter of "substantial concern"; the Pennsylvania Supreme Court has held that it is "a matter of legislative grace." Scott v. Philadelphia Parking Authority, 166 A.2d 278, 281 (Pa. 1960). In these circumstances, Burford abstention is appropriate. See e.g., Commerce Commer. Leasing, LLC v. Broward Title Co., 2005 U.S. Dist. LEXIS 9990, *4 (E.D. Pa. 2005) ("Burford abstention is generally applied to state regulatory matters"); Gilbert v. School Dist., 485 F. Supp. 505, 508 (D. Colo. 1980) ("The purpose of the Burford doctrine is to avoid interference with matters of sensitive local importance").

Further, in their appeal, Defendants have raised the state law question of whether the Police Tenure Act applies to employees like Plaintiff who work part-time, but are on 24-hour call. (Pl.'s Brief in Support of Appeal to Commonwealth Court of Pennsylvania at 19). The Commonwealth Court's resolution of this state law question will certainly affect Plaintiff's due process claims. For instance, were the court to decide the Act's protections do not apply to Plaintiff, this would significantly alter Plaintiff's "property interest" and its Fourteenth Amendment attendant protections

6

in the matter before me. See e.g., Shoemaker v. City of Lock Haven, 906 F. Supp. 230, 237 (M.D. Pa. 1995) (dismissing the plaintiff's substantive due process claim because he had no property interest in remaining Chief of Police). In these circumstances, Pullman abstention is also appropriate. See e.g., Dano Resource Recover, Inc. v. District of Columbia, 1992 U.S. Dist. LEXIS 9385, *3 (D.D.C. 1992) (Pullman abstention "is appropriate 'in cases presenting a federal constitutional issue which might be mooted or presented in a different posture by a state court determination of pertinent state law.'") (quoting Colorado River Water Conservation Dist. v. United States, 424 U.S. 800, 814 (1976)).

Although at oral argument both parties agreed that abstention is appropriate, they disagreed as to whether the action should be dismissed or stayed. (N.T. May 11, 2005 at 6:4-7:12; 8:5-16; 9:14-17). The Third Circuit has made clear, however, that "a district court may not abstain under Burford and dismiss the complaint when the remedy sought is legal rather than discretionary." Feige, 90 F.3d at 850 (citing Quakenbush v. Allstate Ins. Co., 116 S. Ct. 1712 at 1727 (1996)). Because Plaintiff seeks monetary relief, I may not dismiss or remand the matter. Id.; see also Compl. at 8 (requesting monetary damages on all Counts). Similarly, under Pullman a stay is appropriate. Harris County Comm'rs Court v. Moore, 420 U.S. 77, 88-89 n.14, 95 S. Ct. 870, 43 L. Ed. 2d 32 (1975) (when abstaining under Pullman, a federal court should "stay the federal suit pending determination of the state-law questions in state court."). Accordingly, I will stay this matter pending a final ruling from the Pennsylvania Courts.

An appropriate Order follows.

                                                      **Paul S. Diamond, J.**